IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:17-CR-235 |
| v. ) | |
| ) | The Honorable Claude M. Hilton |
| WILLIAM LEWIS WEAVER II, ) | |
| ) | Hearing Date: January 13, 2023 |
| *Defendant*. ) | |

**UNITED STATES' POSITION ON DEFENDANT'S
<u>SUPERVISED RELEASE VIOLATION</u>**

The United States of America, through undersigned counsel and pursuant to 18 U.S.C. § 3583, Rule 32.1 of the Federal Rule of Criminal Procedure, and the U.S. Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."), submits this memorandum regarding the violation of supervised release by William Lewis Weaver II ("the defendant"), as documented in the November 29, 2022, Petition on Supervised Release (the "Petition"), *See* ECF No. 58, submitted by the Senior U.S. Probation Officer Elissa F. Martins.[1] According to the Petition, the defendant violated the conditions of his supervised release by failing to comply with mental health treatment as directed.

For the reasons stated below, the United States respectfully requests that the Court find the defendant in violation of the terms of his supervised release and modify the conditions of his release to include a condition requiring two months of home confinement and GPS monitoring.

---

[1] An identical petition was entered by the Court on December 2, 2022.

## I. BACKGROUND

A. **The Underlying Offense**

In and around July 2017 through September 2017, the defendant did threaten to murder Federal officials, including specifically from the Central Intelligence Agency, the Department of State, the National Security Agency, and the Federal Bureau of Investigation, with intent to impede, intimidate, or interfere with such officials while engaged in the performance of official duties, or with the intent to retaliate against such official on account of the performance of official duties in violation of Title 18, U.S.C. § 115(a)(1)(B) and (b)(4). *See* ECF No. 31 and 32. Most of these threats were made on Twitter using the handle @WillWeaver2. *See* ECF No. 32.

On December 11, 2017, defendant entered a plea of guilty to Counts 1 and 2 of the indictment charging him with two violations of Title 18, 115(a)(1)(B) and (b)(4) and Title 18, U.S.C. § 2(a), Threats Against U.S. Officials, Officers, and Employees. *See* ECF No. 30. On March 16, 2018, the defendant was sentenced to 57 months incarceration for each count, to run concurrently, and to be followed by a three-year term of supervised release. *See* ECF No. 42. It is the United States' understanding that the defendant was released from confinement and began serving his term of supervised release on October 29, 2021 and that the defendant's term of supervised release is set to expire on October 28, 2024.

B. **Current Alleged Violation**

On or about November 29, 2022, the defendant's Probation Officer Elissa F. Martins submitted a Petition alleging violations of the defendant's terms of supervised release. *See* ECF No. 58. Specifically, the Petition alleges that the defendant failed to comply with mental health treatment as directed. On July 13, 2022, the defendant was involuntarily committed to the INOVA Psychiatric Unit as a danger to others due to psychosis. *See Id*. He was diagnosed with a

Mood Disorder, Paranoid Schizophrenia, and a Delusion Disorder and was prescribed Zyprexa, Seroquel, and Zofran. *See Id*. On August 4, 2022, the unit determined that there was no risk of violence by the defendant due to no visible distress or psychotic episodes and discharged him. The defendant was instructed to follow up with outpatient therapy and medication through INOVA, but refused to attend the recommended treatment and has not done so since his discharge on August 4, 2022. On November 21, 2022, Probation Officer Martins conducted a virtual home visit in response to his non-compliance and explained to the defendant that he was required to participate in therapy and take medication by court order. The defendant told Probation Officer Martins that he refused to take "mind altering medications" or attend therapy.

## II.  ANALYSIS

### A.  Legal Standard

"Supervised release revocation hearings are informal proceedings in which the rules of evidence . . . need not be strictly applied." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012) (citing Fed. R. Evid. 1101(d)(3)). A court need only find by a preponderance of the evidence that the defendant violated a condition of release to support a revocation order. *See* 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).

Upon a finding that a defendant violated a condition of supervised release, a court may: (1) revoke supervised release and impose a term of imprisonment equal to all or part of the supervised release term authorized by statute, without credit for time served (subject to a cap based on the nature of the underlying offense); (2) extend the term of supervised release if less than the maximum authorized term was ordered; or (3) modify, reduce, or enlarge the conditions of supervised release. 18 U.S.C. § 3583(e). If a court revokes supervised release and imposes imprisonment, the court may also sentence the defendant to another term of supervised release,

not to exceed the length of the term authorized for the original offense, less the term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h).

Before revoking or modifying a term of supervised release, courts are to consider the § 3553(a) sentencing factors—except for factors under § 3553(a)(2)(A), or the kinds of sentences available under § 3553(a)(3). *See* 18 U.S.C. § 3583(e). Thus, the factors a court considers include the history and characteristics of the defendant, the nature and circumstances of the offense, the need for the sentence to provide adequate deterrence to criminal conduct, to protect the public from the defendant's future criminal conduct, and to provide the defendant with correctional treatment, among other factors. *See* 18 U.S.C. § 3553(a)(2)(B)–(D), (a)(4)–(7).

**B.     Statutory and Guidelines Analysis**

    i. *Maximum term of imprisonment upon revocation.*

If the Court determines by a preponderance of the evidence that the defendant violated the terms of his supervised release, it may revoke the supervised release authorized for the underlying offense. 18 U.S.C. § 3583(e)(3). The defendant's underlying offense of Threats Against U.S. Officials, Officers, and Employees carried a maximum term of imprisonment of ten (10) years for each of the two counts. *See* 18 U.S.C. § 115(b)(4). Defendant's underlying offense is therefore a Class C felony. *See* 18 U.S.C. § 3559(a)(3) (defining a Class C felony as any offense for which the maximum penalty is less than twenty-five years but ten or more years in prison). Accordingly, if his supervised release is revoked, the Court may impose a maximum term of imprisonment of two (2) years. *See* 18 U.S.C. § 3583(e)(3).

    ii. *Maximum additional term of supervised release after term of reimprisonment served.*

Upon revocation, the Court may impose an additional term of supervised release not to exceed the term of supervised release authorized by statute for the offense that resulted in the

original term of supervised release, less any term of imprisonment that was imposed upon revocation. 18 U.S.C. § 3583(h) (providing the calculation of the length of an additional term of supervised release). Here, the defendant's offense was a Class C felony and the authorized term of supervised release is "not more than three years." *See* 18 U.S.C. § 3583(b)(2). Effectively, this means that the Court could impose a new supervised release term of three years less any term of imprisonment imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

    iii.   *Policy Statement calculation.*

The Sentencing Commission provides non-binding policy statements regarding the appropriate sanction for supervised release violations. U.S.S.G. § 7A1; *United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995). Under the relevant policy statement, there are three grades of violations. Where there is more than one violation of the conditions of release alleged, the grade of the violation is determined by the violation having the most serious grade. U.S.S.G. § 7B1.1(b). In this case, defendant's violation constitutes a Grade C violation under the guidelines. A Grade C violation consists of "conduct constituting a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3). The Sentencing Commission's policy statements provide a suggested range of terms of imprisonment upon revocation of supervised release in U.S.S.G. § 7B1.4. *See* U.S.S.G. § 7B1.3(b).

At the time of sentencing for the underlying offense, the defendant was assessed as a criminal history category I. The suggested term of imprisonment for a Grade C violation under this criminal history category is three (3) to nine (9) months. *See* U.S.S.G. § 7B1.4(a). Because the minimum term of imprisonment is at least one month, but less than six months, the Court may substitute community confinement or home detention. *Id*. § 7B1.3(c)(1).

### III. RECOMMENDATION

The United States respectfully requests that this Court find the defendant in violation of the terms of his supervised release and modify the conditions of his release to include a condition requiring two months of home confinement and GPS monitoring, leaving in place the other conditions and original term of supervised release.

There should be a sanction for this significant violation, but that sanction should be tailored to the case at issue. The special condition violated, complying with mental health treatment as directed, is particularly important for the defendant and directly relates to the underlying offense. In other cases, a violation of this nature would often lead to a sanction of incarceration. However, given the defendant's current mental state, incarceration does not seem to be in the interest of public safety as it appears likely to lead to further degradation of the defendant's condition. Instead, a less constrictive but appropriate sanction would be to place the defendant on home confinement with GPS monitoring to ensure that he remains in his house and that any violations of this condition can be monitored and addressed. A term of two months of home confinement would fit the significance of the violation and be more appropriate than incarceration because the defendant and his wife have apparently recently moved to a town that is in the jurisdiction of the Western District of Virginia. *See* ECF No. 58. This change of residency may well ultimately require a transfer of jurisdiction over supervision and two months would allow time for such a transfer to take place, if needed and agreed to. Two months would provide the new district an opportunity to assess the situation with some additional guardrails in place. All of the other conditions could remain in place and continue for the rest of the original term of supervised release.

While the defendant's adjustment to supervision has thus far been unsatisfactory, termination of supervision is not the correct course of action here. As detailed in the petition, the

defendant suffers from severe mental illness and has refused to attend the recommended treatment and/or medication appointments. Terminating supervision after only one year of a three-year term would leave the defendant without any requirements to continue treatment and no way to monitor the defendant's health and activity. This is a particular concern for the United States when the underlying offense was serious threats to government officials and appears to be linked to the defendant's mental health.

To the extent this Court is seriously considering terminating supervision, there may be some intermediate options, such as unsupervised release that while not as comprehensive as supervised release, would keep in place some oversight. At a minimum, such conditions of this type of release might include regular records checks as well as check ins by probation with the defendant's wife and would at least provide some Court oversight.

## IV.  CONCLUSION

Accordingly, the United States respectfully request that the Court find the defendant in violation of the terms of his supervised release and modify the conditions of his release to include a condition requiring two months of home confinement and GPS monitoring.

Dated: January 11, 2023

                                        Respectfully submitted,

                                        Jessica D. Aber
                                        United States Attorney

                                        */s/ Margot G. Benedict*
                                        Margot G. Benedict
                                        Special Assistant United States Attorney
                                        Tony R. Roberts
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        2100 Jamieson Avenue
                                        Alexandria, Virginia 22314
                                        Phone: (703) 299-3758
                                        Fax:    (703) 299-3980
                                        Email: margot.benedict3@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on January 11, 2023 I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

I further certify that, on January 11, 2023, I emailed a copy of the foregoing memorandum to the Probation Officer assigned to this matter:

> Elissa F. Martins
> Senior U.S. Probation Officer
> Eastern District of Virginia
> Email: Elissa_Martins@vaep.uscourts.gov

*Margot G. Benedict*
Margot G. Benedict
Special Assistant United States Attorney